UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>ZEN-NOH GRAIN CORP.<br><br>and<br><br>BUNGE NORTH AMERICA, INC.,<br><br>*Defendants*. | Case No.: 1:21-cv-01482 (RJL) |

**UNITED STATES' UNOPPOSED MOTION AND MEMORANDUM
IN SUPPORT OF ENTRY OF FINAL JUDGMENT**

Pursuant to Section 2(b) of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(b)-(h) ("APPA"), the United States of America ("United States") moves the Court to enter the proposed Final Judgment filed in this civil antitrust proceeding on June 1, 2021 (Dkt. No. 2-2) (attached as Exhibit A).

The proposed Final Judgment may be entered at this time without further proceedings if the Court determines that entry is in the public interest. 15 U.S.C. § 16(e). The Competitive Impact Statement ("CIS") and Response of the United States to Public Comments on the Proposed Final Judgment ("Response to Public Comments") filed in this matter on June 1, 2021 and August 30, 2021, respectively (Dkt. No. 3 and Dkt. No. 15), explain why entry of the proposed Final Judgment is in the public interest. The United States is also filing a Certificate of Compliance (attached as Exhibit B) showing that the parties have complied with all applicable

1

provisions of the APPA and certifying that the 60-day statutory public comment period has expired.

## I. BACKGROUND

On June 1, 2021, the United States filed a civil antitrust Complaint seeking to enjoin the proposed acquisition of certain assets from Defendant Bunge North America, Inc. ("Bunge") by Defendant Zen-Noh Grain Corp. ("ZGC"). The Complaint alleges that the likely effect of this transaction would be to substantially lessen competition in the markets for the purchase of corn and soybeans in nine geographic areas within the United States in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18. This loss of competition likely would result in farmers receiving lower prices for their corn and soybeans and lower quality service.

At the same time the Complaint was filed, the United States also filed a proposed Final Judgment, an Asset Preservation Stipulation and Order ("Stipulation and Order"), and a CIS describing the events giving rise to the alleged violation and the proposed Final Judgment. The Stipulation and Order, which was agreed to by the parties and which was entered by the Court on July 1, 2021 (Dkt. No. 14), provides that the proposed Final Judgment may be entered by the Court once the requirements of the APPA have been met. The proposed Final Judgment required Defendants to divest certain grain elevators and related assets of Bunge or ZGC affiliate CGB Enterprises, Inc. ("the Divestiture Assets") to Viserion Grain LLC and Viserion International Holdco LLC ("Viserion"), or to another acquirer or acquirers acceptable to the United States, within 30 calendar days after entry of the Stipulation and Order. Entry of the proposed Final Judgment will terminate this action, except that the Court will retain jurisdiction to construe, modify, or enforce the provisions of the Final Judgment and to punish violations thereof.

**II.     COMPLIANCE WITH THE APPA**

The Certificate of Compliance filed with this Motion and Memorandum states that all the requirements of the APPA have been satisfied. In particular, the APPA requires a 60-day period for the submission of written comments relating to the proposed Final Judgment. 15 U.S.C. § 16(b). In compliance with the APPA, the United States filed the proposed Final Judgment and the CIS with the Court on June 1, 2021; published the proposed Final Judgment and CIS in the *Federal Register* on June 8, 2021, *see* 86 Fed. Reg. 30479 (2021); and caused a summary of the terms of the proposed Final Judgment and the CIS, along with directions for the submission of written comments, to be published in *The Washington Post* and *St. Louis Post-Dispatch* for seven days during the period June 4, 2021, through June 10, 2021. The public comment period concluded on August 9, 2021, and the United States received two comments. Pursuant to 15 U.S.C. § 16(d), the United States filed a Response to Comments on August 30, 2021 (Dkt. No. 15) and published it and the public comments in the *Federal Register* on September 3, 2021, *see* 86 Fed. Reg. 49563 (2021).

**III.    STANDARD OF JUDICIAL REVIEW**

Before entering the proposed Final Judgment, the APPA requires the Court to determine whether the proposed Final Judgment "is in the public interest." 15 U.S.C. § 16(e)(1). In making that determination, the Court, in accordance with the statute as amended in 2004, "shall consider":

(A)   the competitive impact of such judgment, including termination of alleged violations, provisions for enforcement and modification, duration of relief sought, anticipated effects of alternative remedies actually considered, whether its terms are ambiguous, and any other competitive considerations bearing upon the adequacy of such judgment that the court deems necessary to a determination of whether the consent judgment is in the public interest; and

(B)   the impact of entry of such judgment upon competition in the relevant market or markets, upon the public generally and individuals alleging specific injury from the violations set forth in the complaint including

>consideration of the public benefit, if any, to be derived from a determination of the issues at trial.

15 U.S.C. § 16(e)(1)(A), (B). Section 16(e)(2) of the APPA states that "[n]othing in this section shall be construed to require the court to conduct an evidentiary hearing or to require the court to permit anyone to intervene." 15 U.S.C. § 16(e)(2). In its CIS and Response to Public Comments, the United States explained the meaning and the proper application of the public interest standard under the APPA to this case and now incorporates those statements by reference.

### IV.     ENTRY OF THE PROPOSED FINAL JUDGEMENT IS IN THE PUBLIC INTEREST

The United States alleged in its Complaint that the proposed acquisition of certain assets from Defendant Bunge by Defendant ZGC would likely substantially lessen competition in the markets for the purchase of corn and soybeans in nine geographic areas within the United States in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18. As explained in the CIS and the Response to Public Comments, the proposed Final Judgment is designed to eliminate the likely anticompetitive effects of the acquisition alleged by the United States by requiring Defendants to divest certain grain elevators and related assets to Viserion, or to another acquirer or acquirers acceptable to the United States, within 30 calendar days after entry of the Stipulation and Order. The public, including affected competitors and customers, has had the opportunity to comment on the proposed Final Judgment. As explained in the CIS and the Response to Public Comments, entry of the proposed Final Judgment is in the public interest.

## V.  CONCLUSION

For the reasons set forth in this Motion and Memorandum, the CIS, and the Response to Public Comments, the United States respectfully requests that the Court find that the proposed Final Judgment is in the public interest and enter the proposed Final Judgment.

Dated: September 24, 2021

                                         Respectfully submitted,

                                         /s/
                                         JILL PTACEK
                                         Trial Attorney
                                         U.S. Department of Justice
                                         Antitrust Division
                                         450 5th St. NW, Suite 8000
                                         Washington, DC 20530
                                         Tel: (202) 307-6607
                                         Email: jill.ptacek@usdoj.gov

                                         COUNSEL FOR PLAINTIFF
                                         UNITED STATES OF AMERICA

## CERTIFICATE OF SERVICE

I, Jill Ptacek, hereby certify that on September 24, 2021, I caused a copy of United States' Unopposed Motion and Memorandum in Support of Entry of Final Judgment to be served on Defendants Zen-Noh Grain Corp. and Bunge North America, Inc., via the CM/ECF system.

/s/
JILL PTACEK

Attorney for the United States

U.S. Department of Justice
Antitrust Division
450 5th St. NW, Suite 8000
Washington, DC 20530
Tel: (202) 307-6607
Email: jill.ptacek@usdoj.gov